IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-16-797-C ) |
| GREENWAY PARK COMMERCIAL OWNERS ASSOCIATION, INC.; RODNEY D. THORNTON; and R.T. PROPERTIES, LLC, | ) ) ) ) ) ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

Plaintiff Philadelphia Indemnity Insurance Company ("Philadelphia") filed this case seeking a declaratory judgment pursuant to 28 U.S.C. § 2201 in regard to the scope of two insurance policies between Plaintiff and Defendant Greenway Park Commercial Owners Association, Inc. ("Greenway Association").[1] Defendants Thornton and R.T. Properties, LLC (collectively, "RTP") filed a Motion to Dismiss (Dkt. No. 14) and Defendant Greenway Association filed a Motion to Abstain and Dismiss (Dkt. No. 16).[2] Plaintiff has responded and the Motions are now at issue. Due to the similar issues presented, both Motions will be addressed herein.

---

[1] The Court granted leave for Greenway Association's counselor to withdraw on October 3, 2016. (Dkt. No. 30.) As of the date of this Order, Greenway Association has not entered a new appearance.

[2] The Court will construe Defendants' Motions as requests to abstain and stay or dismiss the action because both Motions draw upon the doctrine founded in Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491 (1942).

Greenway Association is an owners' association governing commercial office buildings located in Norman, Oklahoma. Philadelphia issued two policies to Greenway Association, one in 2013 and one in 2014, forming the subject matter of this declaratory action. RTP owned a building governed by Greenway Association.

In June 2013, Greenway Association filed a case in the Cleveland County District Court of Oklahoma against RTP. The case, referred to herein as the "First Underlying Lawsuit," case number CJ-2013-822, sought an injunction for alleged breaches of covenants regarding the commercial office buildings. RTP brought counterclaims and was successful with those claims; a jury found in favor of RTP. The First Underlying Lawsuit gave rise to the "First Bad Faith Lawsuit," Cleveland County case number CJ-2016-56, where RTP sought indemnification from Philadelphia and other insurance companies for the expenses of the First Underlying Lawsuit. The First Bad Faith Lawsuit was removed to this Court, case number CIV-16-907, and later remanded to Cleveland County where litigation continues.[3]

In May 2016, all Greenway Association directors except Defendant Thornton resigned, leaving Thornton the only person to act on behalf of the entity. In June 2016, RTP and Greenway Association entered into the "First Settlement Agreement" regarding a claim from the First Underlying Lawsuit where Greenway Association agreed to pay Thornton $2 million. Thornton signed the First Settlement Agreement as a representative

---

[3] On May 23, 2016, RTP filed the "Erroneously Filed Bad Faith Lawsuit" in Cleveland County, case number CJ-2016-596, and it was soon dismissed for being substantively equal to the First Bad Faith Lawsuit.

2

for (1) R.T. Properties, (2) Thornton, individually, and (3) as Greenway Association's President and Director.

In October 2015, RTP filed the "Second Underlying Lawsuit" in Cleveland County, case number CJ-2015-1188. Here, RTP asserted claims against the officers of Greenway Association for events transpiring after the First Underlying Lawsuit. This litigation resulted in the "Second Settlement Agreement" on July 13, 2016 where Greenway Association agreed to pay Thornton $4 million. Again, Thornton was the only representative for both parties.

On July 14, 2016, Philadelphia filed the present "Declaratory Action," seeking the Court's decision as to the scope of the policies between Philadelphia and Greenway Association. More specifically, Philadelphia requests that this Court enter a declaratory judgment that (1) R.T. Properties is not an "Insured" under the policies, and therefore Philadelphia has no duty to defend or indemnify R.T. Properties in connection to the First or Second Underlying Lawsuit, or the First or Second Settlement Agreements; (2) Philadelphia has no duty to defend or indemnify Thornton because he was not a named defendant in the First or Second Underlying Lawsuit; (3) the policies preclude coverage of the First and Second Underlying Lawsuits and the First and Second Settlement Agreements because an exclusion was triggered when Thornton became both the director and individual insured; (4) the First and Second Settlement Agreements were not covered because Greenway Association did not seek Philadelphia's consent before entering into the agreements and the agreements and are unenforceable, collusive instruments; (5) no coverage is available because a claim on the policy was not made during the proper time

3

period; and (6) additional terms, conditions, limitations, and exclusions limit or preclude coverage.

The next day, on July 15, 2016, RTP filed the "Second Bad Faith Lawsuit" against Philadelphia and other insurance companies in Cleveland County, case number CJ-2016-821, seeking indemnification for the Second Underlying Lawsuit. The Second Bad Faith Lawsuit was removed to this Court, case number CIV-16-908, and then RTP voluntarily dismissed the case after RTP and Greenway Association canceled and rescinded the Second Settlement Agreement, making the claim unripe for determination and reviving the Second Underlying Lawsuit conflict. On the same day, RTP also amended the Petition in the First Bad Faith Lawsuit, adding allegations that Philadelphia failed to pay $2 million owed from the First Settlement Agreement.

The Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., "confers upon district courts unique and substantial discretion in deciding whether to declare the rights of litigants." United States v. City of Las Cruces, 289 F.3d 1170, 1183 (10th Cir. 2002) (citation and internal quotation marks omitted). Factors relevant to this Court's evaluation of whether to accept jurisdiction or abstain under the Brillhart analysis[4] include "the scope of the state proceeding, whether the claims of all parties can be adjudicated in that proceeding, whether necessary parties have been joined, whether they are amenable to process, and any other factor bearing on the central question of which forum can better resolve the controversy." Id. at 1187 (citation omitted). The Tenth Circuit in State Farm

---

[4] See generally Brillhart, 316 U.S. 491.

Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 981 (10th Cir. 1994), articulated five additional factors the district court should weigh:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race to res judicata; [4] whether use of declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

Id. at 983 (emphasis, citation, and internal quotation marks omitted).

The first and second factors are whether a declaratory action would settle the controversy and whether it would serve a useful purpose in clarifying the legal relations at issue. These factors are "designed to shed light on the overall question of whether the controversy would be better settled in state court." City of Las Cruces, 289 F.3d at 1187 (citation omitted). Matters related to the transactions between the parties have been litigated in the Cleveland County District Court since 2013, and although Philadelphia claims the Declaratory Action could resolve the case, the Court is unconvinced that every legal issue in the conflict that may arise would be resolved by the questions presented in this Declaratory Action. For example, the First Bad Faith Lawsuit includes a wider array of parties and claims than are at issue in the Declaratory Action, including the allegation that Philadelphia acted with malice or reckless disregard for the rights of others. (First Bad Faith Lawsuit Petition, Dkt. No. 14-1, p. 8.) Much like in City of Las Cruces, when the facts and issues are intertwined with other parties not joined in the declaratory action, it is best for the federal court to abstain in favor of a state decision binding on all parties. City of Las Cruces, 289 F.3d at 1187-90.

The third factor is whether the declaratory remedy is being used merely for the purpose of procedural fencing. Each party asserts allegations of misconduct and it appears that none of the parties have been completely straightforward in their tactics. The Court will consider this factor to weigh equally for and against abstention.

The fourth factor is whether use of declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction. The Court is wary of treading upon state jurisdiction by ruling on issues that overlap with two cases currently pending before the state court. This factor favors abstention.

The fifth factor is whether there is an alternative remedy which is better or more effective. Philadelphia argues the Declaratory Action should proceed because the Second Bad Faith Lawsuit was dismissed. However, Philadelphia stated the Declaratory Action would merely "serve a useful purpose in clarifying the legal relations between the parties relating to coverage for the [Second Bad Faith Lawsuit]," not that the action is required. (Pl.'s Resp. to Mot. to Dismiss, Dkt. No. 34, p. 14.) Philadelphia argues this Court should determine a precautionary remedy for issues of liability not yet asserted. If Greenway Association or RTP bring indemnification claims after the conclusion of the Second Underlying Lawsuit, the Cleveland County District Court is better equipped to decide the matter and Philadelphia will have the proper defenses available. Because the same insurance policies are at issue in both lawsuits, the more effective remedy is to allow the state court to decide the issues as they arise.

Philadelphia argues it would be an abuse of discretion to abstain from the Declaratory Action so far as it relates to the Second Bad Faith Lawsuit. In <u>ARW Expl.</u>

Corp. v. Aguirre, 947 F.2d 450 (10th Cir. 1991), the Tenth Circuit found that the district court should not have dismissed the declaratory action because the state action had also been dismissed. However, the circuit court came to that determination because the state court proceeding did not "afford a 'plain adequate, and speedy remedy.'" Id. at 455 (citation omitted). Here, the First Bad Faith Lawsuit and the Second Underlying Lawsuit relate to the same facts and are still before the state court. The federal court "should not entertain a declaratory judgment action over which it has jurisdiction if the same fact-dependent issues are likely to be decided in another pending proceeding." St. Paul Fire & Marine Ins. Co. v. Runyon, 53 F.3d 1167, 1170 (10th Cir. 1995) (citation and internal quotation marks omitted).

The Court finds that the combined Mhoon factors weigh in favor of abstention. The remaining question is whether the case should be stayed or dismissed. The Tenth Circuit has stated that "[a] stay will often be preferable in the declaratory judgment context." City of Las Cruces, 289 F.3d at 1192. Because the Court cannot predict the course of litigation with certainty, the Court will allow a path for it to "quickly reconsider whether the state forum remains the best in which to hear the federal parties' claims should the court's predictions regarding the scope of the state proceedings turn out to be erroneous." Id. (citation omitted). Accordingly, the case is stayed.

CONCLUSION

For the reasons stated, The Motion to Dismiss by Thornton (Dkt. No. 14) is GRANTED in part and DENIED in part and the Motion to Dismiss by Greenway (Dkt. No. 16) is GRANTED in part and DENIED in part. An Administrative Closing Order shall issue.

IT IS SO ORDERED this 8th day of February, 2017.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge